COPY

FILED

1    Laurence M. Rosen, Esq. (SBN 219683)
2    THE ROSEN LAW FIRM, P.A.
    355 South Grand Avenue, Suite 2450
3    Los Angeles, CA 90071
4    Telephone: (213) 785-2610
    Facsimile: (213) 226-4684
5    Email: lrosen@rosenlegal.com

6    Counsel for Plaintiff

2014 MAR 14  AM 11: 46

CLERK, U.S. DISTRICT COURT
CENTRAL DIST OF CALIF.
LOS ANGELES

BY

7           UNITED STATES DISTRICT COURT
8           CENTRAL DISTRICT OF CALIFORNIA

9    BANGZHENG CHEN, INDIVIDUALLY
10   AND ON BEHALF OF ALL OTHERS
    SIMILARLY SITUATED,
11
12           Plaintiff,
13           vs.
14
15    CYTRX CORPORATION, STEVEN A.
    KRIEGSMAN, THE
16    DREAMTEAMGROUP, and MISSIONIR,
17           Defendants.
18

**CV14-1956** GHR (AJWx)

CASE No.:

COMPLAINT

CLASS ACTION

**JURY TRIAL DEMANDED**

19
20       Plaintiff Bangzheng Chen ("Plaintiff"), individually and on behalf of all
21 other persons similarly situated, by his undersigned attorneys, for his complaint
22 against Defendants, alleges the following based upon personal knowledge as to
23 himself and his own acts, and information and belief as to all other matters, based
24 upon, *inter alia*, the investigation conducted by and through his attorneys, which
25 included, among other things, a review of the defendants' public documents,
26
27 conference calls and announcements made by defendants, United States Securities
28

1

Class Action Complaint for Violation of the Federal Securities Laws

and Exchange Commission ("SEC") filings, wire and press releases published by and regarding CytRx Corporation ("CYTR" or the "Company"), securities analysts' reports and advisories about the Company, and information readily obtainable on the Internet.  Plaintiff believes that substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## NATURE OF THE ACTION

1.     This is a federal securities class action on behalf of a class consisting of all persons other than Defendants who purchased the common stock of CYTR between November 22, 2013 and March 13, 2014, including the Company's public offering completed on or about February 5, 2014, seeking to recover damages caused by Defendants' violations of federal securities laws.

## JURISDICTION AND VENUE

2.     The claims asserted herein arise under and pursuant to Sections 10(b) and 20(a) of the Securities Exchange Act, and Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5).

3.     This Court has jurisdiction over the subject matter of this action pursuant to Section 27 of the Exchange Act (15 U.S.C. §78aa) and 28 U.S.C. § 1331.

4.     Venue is proper in this Judicial District pursuant to §27 of the Exchange Act, 15 U.S.C. § 78aa and 28 U.S.C. § 1391(b).

Class Action Complaint for Violation of the Federal Securities Laws

5.     In connection with the acts, conduct, and other wrongs alleged in this Complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including but not limited to, the United States mails, interstate telephone communications and the facilities of the national securities exchange.

## **PARTIES**

6.     Plaintiff, as set forth in the accompanying certification, incorporated by reference herein, purchased CYTR securities at artificially inflated prices during the Class Period and has been damaged thereby.

7.     Defendant CYTR is a biopharmaceutical research and development company specializing in oncology.   CYTR is a Delaware Corporation headquartered in Los Angeles, California.  During the Class Period, the Company's stock is listed on the NASDAQ under ticker "CYTR."

8.     Defendant Steven A. Kriegsman ("Kriegsman") was at all relevant times the Company's CEO, President and Director.  Kriegman is also a Director of Galena Biopharma, Inc. ("GALE" or "Galena"). Galena also hired DTG and MissionIR to tout its stock through articles written by third parties and aliases DTG/MissionIR themselves without disclosing that the articles were commissioned and edited by GALE itself. Kriegsman sold several million dollars' worth of his GALE stock during the misleading GALE promotion.

9.     Defendants DreamTeamGroup ("DTG") and MissionIR are securities

advertisers and investor relations firms that create and execute a "strategy that produces measurable results and attracts a wider following of investors to improve each client's overall market valuation." DTG and MissionIR are affiliates.

### PLAINTIFF'S CLASS ACTION ALLEGATIONS

10.    Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) on behalf of a Class, consisting of all persons who purchased the common stock of CYTR during the Class Period and who were damaged thereby.   Excluded from the Class are Defendants, the officers and directors of the Company at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which defendants have or had a controlling interest.

11.    The members of the Class are so numerous that joinder of all members is impracticable.   Throughout the Class Period, CYTR's securities were actively traded on the NASDAQ.   While the exact number of Class members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff believes that there are at least hundreds of members in the proposed Class. Members of the Class may be identified from records maintained by CYTR or its transfer agent and may be notified of the pendency of this action by mail, using a form of notice customarily used in securities class actions.

12.     Plaintiff's claims are typical of the claims of the members of the Class, as all members of the Class are similarly affected by Defendants' wrongful conduct in violation of federal law that is complained of herein.

13.     Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation.

14.     Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class.  Among the questions of law and fact common to the Class are:

(a)   whether the federal securities laws were violated by Defendants' acts as alleged herein;

(b)   whether statements made by Defendants to the investing public during the Class Period misrepresented material facts about the business, operations and management of CYTR; and

(c)   to what extent the members of the Class have sustained damages and the proper measure of damages.

15.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.  Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it

Class Action Complaint for Violation of the Federal Securities Laws

impossible for members of the Class to redress individually the wrongs done to them.  There will be no difficulty in the management of this action as a class action.

### **SUBSTANTIVE ALLEGATIONS**

16.    Under the direction of CYTR and Kriegsman, DTG MissionIR, and third parties under their control began to tout CYTR stock throughout the Class Period.

17.    The purpose of this promotional campaign was to raise additional capital, increase shareholder value, and raise visibility to the public capital market.

18.    DTG and MissionIR conducted a massive promotional campaign, which included dozens of published articles or news reports and various statements made through various social media outlets, including seekingalpha.com and Forbes.

19.    The articles did not disclose that they were authored by paid promoters under the control of CYTR nor did they disclose the authors had a business relationship with CYTR.

20.    This misleading promotion was successful.  Articles by DTG's paid authors Meyer and Mylant caused a steep run-up in the Company's stock price as set forth below.

Class Action Complaint for Violation of the Federal Securities Laws

1

2



3

4

5

6

7

8

9

10

11

12

21.     On February 12, 2014, journalist Adam Feuerstein published an article

concerning     GALE     on     TheStreet.com,     available     at     <

http://www.thestreet.com/story/12327045/1/galena-biopharma-pays-for-stock-

touting-campaign-while-insiders-cash-out-millions.html>.  Mr.  Feuerstein's  article

is incorporated by reference. In it, Mr. Feuerstein reported that:

- GALE had paid DTG and MissionIR to tout its stock without disclosing that
  the articles they published were commissioned and approved by GALE;
- DTG and MissionIR had falsely stated that the articles were written by
  authors who were not paid by GALE;
- Defendant Kriegsman had sold net $2.1 million of his stock while the
  promotion was ongoing; and
- CYTR had also retained DTG.

22.     That day, CYTR's stock price fell from $6.60 to $6.04, or 8.5%,

damaging investors.

Class Action Complaint for Violation of the Federal Securities Laws

23.     On March 13, 2014, an article was published on seekingalpha.com entitled, *Behind the Scenes with Dream Team, CytRx and* Galena, that revealed the undisclosed promotion and control and knowledge over DTG activities. The seekinglapha.com article, which is incorporated herein by reference, http://seekingalpha.com/article/2086173-behind-the-scenes-with-dream-team-cytrx-and-galena?source=yahoo, provided a detailed report on the undisclosed paid promotion.  The report's findings are summarizes as follows: Shares of CYTR and GALE both quadrupled during an undisclosed paid promotion via Dream Team.

- Documents show that CYTR and GALE management edited, changed and approved the paid articles.
- At the peak of the promotion, CYTR issued $86 million in new equity while GALE insiders sold personal stock.
- Over 100 Dream Team articles have been removed from various sites in the past two days.
- At least 13 articles on CYTR alone have been removed from publication.

24.     This adverse information caused the price of CytRx stock to fall from $4.78/share to $4.17/share on March 13, 2014.

**Applicability of Presumption of Reliance:**

**<u>Fraud-on-the-Market Doctrine</u>**

25.     At all relevant times, the market for CYTR's common stock was an efficient market for the following reasons, among others:

(a)     CYTR's stock met the requirements for listing, and is listed and actively traded on the Nasdaq, both highly efficient and automated markets;

Class Action Complaint for Violation of the Federal Securities Laws

(b)     During the class period, on average, over several hundreds of thousands of shares of CYTR stock were traded on a weekly basis, demonstrating a very active and broad market for CYTR stock and permitting a *very strong* presumption of an efficient market;

(c)     As a regulated issuer, CYTR filed periodic public reports with the SEC and was eligible and did file short form registration statements with the SEC on Form S-3 during the Class Period;

(d)     CYTR regularly communicated with public investors via established market communication mechanisms, including through regular disseminations of press releases on the national circuits of major newswire services and through other wide-ranging public disclosures, such as communications with the financial press and other similar reporting services;

(e)     CYTR was followed by several securities analysts employed by major brokerage firms who wrote reports that were distributed to the sales force and certain customers of their respective brokerage firms during the Class Period. Each of these reports was publicly available and entered the public marketplace;

(f)     Numerous NASD member firms were active market-makers in CYTR stock at all times during the Class Period;  and

(g)     Unexpected material news about CYTR was rapidly reflected and incorporated into the Company's stock price during the Class Period.

9

26.     As a result of the foregoing, the market for CYTR's common stock promptly digested current information regarding CYTR from all publicly available sources and reflected such information in CYTR's stock price.     Under these circumstances, all purchasers of CYTR's common stock during the Class Period suffered similar injury through their purchase of CYTR's common stock at artificially inflated prices, and a presumption of reliance applies.

## FIRST CLAIM

**Violation of Section 10(b) Of**

**The Exchange Act Against and Rule 10b-5**

**Promulgated Thereunder Against All Defendants**

27.     Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

28.     This claim is brought against all defendants.  Defendant Kriegsman is sued herein as controlling person of CYTR, DTG, and MissionIR.

29.     During the Class Period, Defendants carried out a plan, scheme and course of conduct which was intended to and, throughout the Class Period, did: (1) deceive the investing public, including plaintiff and other Class members, as alleged herein; and (2) cause plaintiff and other members of the Class to purchase CYTR's common stock at artificially inflated prices.     In furtherance of this unlawful scheme, plan and course of conduct, Defendants, and each of them, took the actions set forth herein.

30.     Defendants (a) employed devices, schemes, and artifices to defraud; (b) made untrue statements of material fact and/or omitted to state material facts necessary to make the statements not misleading; and (c) engaged in acts, practices, and a course of business that operated as a fraud and deceit upon the purchasers of the Company's common stock in an effort to maintain artificially high market prices for CYTR's common stock in violation of Section 10(b) of the Exchange Act and Rule 10b-5 thereunder.  All Defendants are sued either as primary participants in the wrongful and illegal conduct charged herein or as controlling persons as alleged below.

31.     Defendants, individually and in concert, directly and indirectly, by the use, means or instrumentalities of interstate commerce and/or of the mails, engaged and participated in a continuous course of conduct to conceal adverse material information about the business, operations and future prospects of CYTR as specified herein.

32.     These Defendants employed devices, schemes and artifices to defraud, while in possession of material adverse non-public information and engaged in acts, practices, and a course of conduct as alleged herein in an effort to assure investors of CYTR's value and performance and continued substantial growth, which included the making of, or participation in the making of, untrue statements of material facts and omitting to state material facts necessary in order to make the statements made about CYTR and its business operations and future prospects in

the light of the circumstances under which they were made, not misleading, as set forth more particularly herein, and engaged in transactions, practices and a course of business that operated as a fraud and deceit upon the purchasers of CYTR's common stock during the Class Period.

33.    Each of the Defendants' primary liability, and controlling person liability, arises from the following facts: (1) the individual defendants were high-level executives, directors, and/or agents of the Company during the Class Period and members of the Company's management team or had control thereof; (2) each of these defendants, by virtue of his or her responsibilities and activities as a senior officer and/or director of the Company, was privy to and participated in the creation, development and reporting of the Company's financial condition; (3) each of these defendants enjoyed significant personal contact and familiarity with the other defendants and was advised of and had access to other members of the Company's management team, internal reports and other data and information about the Company's finances, operations, and sales at all relevant times; and (4) each of these defendants was aware of the Company's dissemination of information to the investing public which they knew or recklessly disregarded was materially false and misleading.

34.    Defendants had actual knowledge of the misrepresentations and omissions of material facts set forth herein, or acted with reckless disregard for the truth in that they failed to ascertain and to disclose such facts, even though such

facts were available to them.  Such Defendants' material misrepresentations and/or omissions were done knowingly or recklessly.

35.    As a result of the dissemination of the materially false and misleading information and failure to disclose material facts, as set forth above, the market price of CYTR's common stock was artificially inflated during the Class Period.  In ignorance of the fact that market prices of CYTR's publicly-traded common stock were artificially inflated, and relying directly or indirectly on the false and misleading statements made by Defendants, or upon the integrity of the market in which the common stock trades, and/or on the absence of material adverse information that was known to or recklessly disregarded by Defendants but not disclose in public statements by Defendants during the Class Period, Plaintiff and the other members of the Class acquired CYTR common stock during the Class Period at artificially high prices and were or will be damaged thereby.

36.    At the time of said misrepresentations and omissions, Plaintiff and other members of the Class were ignorant of their falsity, and believed them to be true.  Had Plaintiff and the other members of the Class and the marketplace known the truth regarding CYTR's financial results, which were not disclosed by defendants, Plaintiff and other members of the Class would not have purchased or otherwise acquired their CYTR common stock, or, if they had acquired such common stock during the Class Period, they would not have done so at the artificially inflated prices that they paid.

37.    By virtue of the foregoing, Defendants have violated Section 10(b) of the Exchange Act, and Rule 10b-5 promulgated thereunder.

38.    As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and the other members of the Class suffered damages in connection with their respective purchases and sales of the Company's common stock during the Class Period.

39.    This action was filed within two years of discovery of the fraud and within five years of each plaintiff's purchases of securities giving rise to the cause of action.

## SECOND CLAIM

### Violation of Section 20(a) Of

### The Exchange Act Against

40.    Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

41.    Defendant Kriegsman is sued herein as a controlling person of CYTR, DTG, and Mission IR.

42.    Defendant CYTR is sued herein as a controlling person of DTG and MissionIR.

43.    By virtue of their high-level positions, agency, and their ownership and contractual rights, participation in and/or awareness and/or intimate knowledge of the misleading statements disseminated to the investing public, these defendants

had the power to influence and control, and did influence and control, directly or indirectly, the decision-making of the primary violator, including the content and dissemination of the various statements that plaintiff contends are false and misleading.  In particular, each defendant had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same.

44.    As set forth above, CYTR, MissionIR and DTG each violated Section 10(b) and Rule 10b-5 by their acts and omissions as alleged in this Complaint.

45.    By virtue of their positions as controlling persons, the individual defendants are liable pursuant to Section 20(a) of the Exchange Act.  As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and other members of the Class suffered damages in connection with their purchases of the Company's common stock during the Class Period.

46.    This action was filed within two years of discovery of the fraud and within five years of each Plaintiff's purchases of securities giving rise to the cause of action.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for relief and judgment, as follows:

(a)    Determining that this action is a proper class action, designating Plaintiff as class representative under Rule 23 of the Federal Rules of Civil Procedure and Plaintiff's counsel as Class Counsel;

(b)     Awarding compensatory damages in favor of Plaintiff and the other Class members against all defendants, jointly and severally, for all damages sustained as a result of defendants' wrongdoing, in an amount to be proven at trial, including interest thereon;

(c)     Awarding Plaintiff and the Class their reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

(d)     Such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.

Dated: March 14, 2014                    Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

Laurence M. Rosen, Esq. (SBN 219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

Counsel for Plaintiff

16

Class Action Complaint for Violation of the Federal Securities Laws

# Certification and Authorization of Named Plaintiff Pursuant to Federal Securities Laws

The individual or institution listed below (the "Plaintiff") authorizes and, upon execution of the accompanying retainer agreement by The Rosen Law Firm P.A., retains The Rosen Law Firm P.A. to file an action under the federal securities laws to recover damages and to seek other relief against CytRx Corporation. The Rosen Law Firm P.A. will prosecute the action on a contingent fee basis and will advance all costs and expenses. The CytRx Corporation, Retention Agreement provided to the Plaintiff is incorporated by reference, upon execution by The Rosen Law Firm P.A.

| | |
|---|---|
| **First name:** | Bangzheng |
| **Middle initial:** | |
| **Last name:** | Chen |
| **Address:** | |
| **City:** | |
| **State:** | |
| **Zip:** | |
| **Country:** | |
| **Facsimile:** | |
| **Phone:** | |
| **Email:** | |

**REDACTED**

Plaintiff certifies that:

1. Plaintiff has reviewed the complaint and authorized its filing.
2. Plaintiff did not acquire the security that is the subject of this action at the direction of plaintiff's counsel or in order to participate in this private action or any other litigation under the federal securities laws.
3. Plaintiff is willing to serve as a representative party on behalf of a class, including providing testimony at deposition and trial, if necessary.
4. Plaintiff represents and warrants that he/she/it is fully authorized to enter into and execute this certification.
5. Plaintiff will not accept any payment for serving as a representative party on behalf of the class beyond the Plaintiff's pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as ordered or approved by the court.
6. Plaintiff has made no transaction(s) during the Class Period in the debt or equity securities that are the subject of this action except those set forth below:

Acquisitions:

| Type of Security | Buy Date | # of Shares | Price per Share |
|---|---|---|---|
| Common Stock | 2/11/2014 | 300 | 6.59 |
| Common Stock | 3/10/2014 | 300 | 5.0985 |

7. I have not served as a representative party on behalf of a class under the federal security laws during the last three years, except if detailed below. [ ]

I declare under penalty of perjury, under the laws of the United States, that the information entered is accurate:      **YES**

**Certification for Bangzheng Chen (cont.)**

By clicking on the button below, I intend to sign and execute
this agreement and retain the Rosen Law Firm, P.A. to
proceed on Plaintiff's behalf, on a contingent fee basis.        **YES**

Signed pursuant to California Civil Code Section 1633.1, et seq. - and the Uniform Electronic
Transactions Act as adopted by the various states and territories of the United States.

Date of signing: 03/13/2014

COPY

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I. (a) PLAINTIFFS ( Check box if you are representing yourself ☐ ) | DEFENDANTS ( Check box if you are representing yourself ☐ ) |
|---|---|
| BANGZHENG CHEN, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED | CYTRX CORPORATION, STEVEN A. KRIEGSMAN, THE DREAMTEAMGROUP, and MISSIONIR, |

| (b) County of Residence of First Listed Plaintiff    Pulaski County AR | County of Residence of First Listed Defendant |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |

| (c) Attorneys (*Firm Name, Address and Telephone Number*) If you are representing yourself, provide the same information. | Attorneys (*Firm Name, Address and Telephone Number*) If you are representing yourself, provide the same information. |
|---|---|
| Laurence M. Rosen, ESQ (SBN219683), The Rosen Law Firm, P.A., 355 South Grand Avenue, Suite 2450, Los Angeles CA, 90071 213-785-2610 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☒ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding  ☐ 2. Removed from State Court  ☐ 3. Remanded from Appellate Court  ☐ 4. Reinstated or Reopened  ☐ 5. Transferred from Another District (Specify)  ☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No    (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☒ Yes ☐ No    ☐ **MONEY DEMANDED IN COMPLAINT:** $

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Securities Fraud Class Action 15 U.S.C 78j(b) and 78t(a)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☒ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpratice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | **REAL PROPERTY** | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 210 Land Condemnation | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accommodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 220 Foreclosure | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | ☐ 230 Rent Lease & Ejectment | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

| FOR OFFICE USE ONLY: | Case Number: | | |
|---|---|---|---|
| CV-71 (11/13) | | CIVIL COVER SHEET | Page 1 of 3 |

CV14-1956

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A: Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| ☐ Yes ☐ No | ☐ Los Angeles | Western |
| If "no," go to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| Question B: Is the United States, or one of its agencies or employees, a party to this action? | If the United States, or one of its agencies or employees, is a party to this action, is it: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| | A PLAINTIFF? Then check the box below for the county in which the majority of DEFENDANTS reside. | A DEFENDANT? Then check the box below for the county in which the majority of PLAINTIFFS reside. | |
| ☐ Yes ☒ No | ☐ Los Angeles | ☐ Los Angeles | Western |
| If "no," go to Question C. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | ☐ Ventura, Santa Barbara, or San Luis Obispo | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | ☐ Riverside or San Bernardino | Eastern |
| | ☐ Other | ☐ Other | Western |

| Question C: Location of plaintiffs, defendants, and claims? (Make only one selection per row) | A. Los Angeles County | B. Ventura, Santa Barbara, or San Luis Obispo County | C. Orange County | D. Riverside or San Bernardino Counties | E. Outside the Central District of California | F. Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | ☐ | ☐ | ☐ | ☐ | ☐ | ☒ |
| Indicate the location in which a majority of defendants reside: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of claims arose: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |

| C.1. Is either of the following true? If so, check the one that applies: | C.2. Is either of the following true? If so, check the one that applies: |
|---|---|
| ☐ 2 or more answers in Column C | ☐ 2 or more answers in Column D |
| ☐ only 1 answer in Column C and no answers in Column D | ☐ only 1 answer in Column D and no answers in Column C |
| Your case will initially be assigned to the SOUTHERN DIVISION. Enter "Southern" in response to Question D, below. | Your case will initially be assigned to the EASTERN DIVISION. Enter "Eastern" in response to Question D, below. |
| If none applies, answer question C2 to the right. ➡ | If none applies, go to the box below. ⬇ |

Your case will initially be assigned to the
WESTERN DIVISION.
Enter "Western" in response to Question D below.

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above: ➡ | Western |

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**IX(a). IDENTICAL CASES:** Has this action been previously filed **in this court** and dismissed, remanded or closed?   ☒ NO   ☐ YES

If yes, list case number(s):

**IX(b). RELATED CASES:** Have any cases been previously filed **in this court** that are related to the present case?   ☒ NO   ☐ YES

If yes, list case number(s):

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**X. SIGNATURE OF ATTORNEY**
**(OR SELF-REPRESENTED LITIGANT):**                                       DATE:   3/14/2014

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |