1  Ramzi Abadou (SBN 222567)
2  KAHN SWICK & FOTI, LLP
   912 Cole Street, # 251
3  San Francisco, CA 94117
   Telephone: 415-231-4313
4  Facsimile: 504-455-1498
5  ramzi.abadou@ksfcounsel.com

6  *Lead Counsel for the Class*

7
8  Lionel Z. Glancy (SBN 134180)
   GLANCY PRONGAY & MURRAY, LLP
9  1925 Century Park East, Suite 2100
   Los Angeles, California  90067
10 Telephone:  (310) 201-9150
   Facsimile:  (310) 201-9160
11

12
   *Liaison Counsel for the Class*
13

14             **UNITED STATES DISTRICT COURT**
               **CENTRAL DISTRICT OF CALIFORNIA**
15

16 IN RE CYTRX CORPORATION          )   **Docket No.: 2:14-CV-01956-GHK-PJW**
17 SECURITIES LITIGATION            )
                                    )   CLASS ACTION
18                                  )
                                    )
19                                  )   **SUPPLEMENTAL MEMORANDUM OF**
20                                  )   **LAW IN FURTHER SUPPORT OF**
                                    )   **LEAD PLAINTIFF'S MOTION FOR**
21                                  )   **PRELIMINARY APPROVAL OF**
22                                  )   **PROPOSED SETTLEMENT**
                                    )
23                                  )   DEPT:    Courtroom 650
                                    )   JUDGE:  Hon. Chief Judge George H. King
24                                  )   DATE:    January 11, 2016
                                    )   TIME:    9:30 a.m.
25 _____

26

27

28

1    Lead Plaintiff respectfully submits this supplemental memorandum of law in

2    further support of his motion for preliminary approval of proposed settlement to

3    address the concerns this Court recently identified in an unrelated proposed securities

4    class action settlement.  *See Frank Erickson v. Corinthian Colleges, Inc.*, et al., CV

5    13-7466-GHK (PJWx) (In Chambers) Order re: Plaintiff's Motion for Preliminary

6    Approval of Settlement (C.D. Cal. Dec. 22, 2015) ("*Corinthian*").   While Lead

7    Plaintiff and putative class counsel believe they have satisfied the applicable

8    requirements for preliminary approval in this Circuit, they also recognize and

9    appreciate that it is a district court's duty to police "the inherent tensions among class

10   representation, defendant's interests in minimizing the cost of the total settlement

11   package, and class counsel's interest in fees."  *See Staton v. Boeing Co.*, 327 F.3d 938,

12   972 n.22 (9th Cir. 2003).   It is in that spirit that Lead Plaintiff submits this

13   supplemental memorandum in order to provide more information to the Court and the

14   putative class about the proposed settlement here.

15   In *Corinthian*, the Court sought the following additional adequacy information

16   from plaintiff and putative class counsel: (i) a declaration from plaintiff under penalty

17   of perjury attesting to his lack of connection to defendants and the nature of his

18   relationship with class counsel other than that of attorney and client, if any (*e.g.*,

19   business, familial, social) (*see Corinthian* at 1-2); and (ii) a declaration from putative

20   class counsel under penalty of perjury attesting to their lack of connection to

21   defendants and the nature of their relationship with plaintiff other than that of attorney

22   and client, if any.   The Court also asked putative class counsel to attest to their

23   experience handling similar matters and their specific efforts in prosecuting the case

24   (*id*. at 2).[1]

---

26   [1]    Lead Plaintiff's Motion for Preliminary Approval of Proposed Settlement

27   included Kahn Swick & Foti, LLC's Firm résumé which Lead Plaintiff respectfully

2:14-CV-01956-GHK-PJW

28   SUPPLEMENTAL MEMORANDUM OF LAW IN FURTHER SUPPORT OF LEAD PLAINTIFF'S
     MOTION FOR PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT

While Lead Plaintiff and putative class counsel believe they have already demonstrated their adequacy here, they respectfully submit herewith declarations signed under penalty of perjury confirming that: (i) Lead Plaintiff has no connection to Defendants besides his Class Period transactions in CytRx Corporation ("CytRx") securities and; (ii) no relationship with putative class counsel besides his attorney-client relationship with Kahn Swick & Foti, LLC and its attorneys. *See* Declaration of Deepak Gupta in Support of His Motion for Preliminary Approval of Proposed Settlement at ¶¶ 3-7; Second Declaration of Ramzi Abadou in Support of Lead Plaintiff's Motion for Preliminary Approval of Proposed Settlement at ¶¶ 5-9.

Next, in *Corinthian*, the Court asked plaintiff to "provide an estimate of the total potential recovery if he successfully proceeded through trial on all claims [and] a specific explanation as to how he calculated the total potential recovery, including an analysis of the potential recovery for each claim asserted."[2]  *Id*. at 2.  The Court also required plaintiff there to "provide an explanation of the risks of prevailing on each of his claims, an estimate of the likelihood of success of prevailing on each of his claims,

---

submits highlights the Firm's experience handling similar matters. *See* ECF No. 139-5.  Lead Plaintiff also submitted a sworn certification signed under penalty of perjury describing his commitment to and involvement in this matter. *See* ECF No. 139-4. In addition, Lead Plaintiff's memorandum of law in support of his preliminary approval motion and Stipulation of Settlement also describe putative class counsel's specific efforts in resolving this matter and its reasons for doing so.  *See* ECF No. 139 at §§III-IV; *see also* ECF No. 140 at §III.

[2]  While CytRx is not the only Defendant here, Lead Plaintiff's motion explained why the underwriter defendants were not a viable source of recovery and provided evidence in support thereof.  *See* ECF No. 139 at 10, n.10; *see also* ECF No. 139-2 at 23.  Mr. Meyer, an individual who on information and belief lives with his parents and works on the far margins of the stock promotion industry, is judgment proof given the magnitude of the estimated damages.

SUPPLEMENTAL MEMORANDUM OF LAW IN FURTHER SUPPORT OF LEAD PLAINTIFF'S
MOTION FOR PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT

1    and then explain why $3,500,000 is an appropriate balance given the potential total

2    recovery and the specific risks in litigation." *Id.*   The Notice of Settlement here

3    already provides an estimate of total potential recovery and Defendants' position on

4    damages (*see* ECF No. 140-2 at ¶¶ 3-5).[3]   Lead Plaintiff and putative class counsel

5    nevertheless provide herein the additional specific information they believe the Court

6    sought from plaintiff in *Corinthian*.

7        Lead Plaintiff's proposed $8,500,000 settlement represents a recovery of

8    approximately 26.6% of his estimated Exchange Act of 1934 §10(b) damages and

9    41.5% of his estimated Securities Act of 1933 §11 damages.[4]   In total, the proposed

10   $8,500,000 settlement represents a recovery of approximately 19.1% of the total

11   ————————————————

12   [3]     The Notice of Settlement also provides that Lead Counsel estimates that the
     average cost of the settlement "will be approximately $0.08 per damaged share of
13   CytRx securities."   *See* ECF No. 140-2 at ¶ 5. In calculating this figure, Lead
     Plaintiff's damages consultant added all anticipated fees and expenses – including
14   $250,000 in administration costs – and divided that sum by the "38,817,656 million
     shares of CytRx securities purchased or otherwise acquired during the Class Period
15   may have been affected by the conduct at issue…" *See* ECF No. 140-2 at ¶ 3, 5.
16

17   [4]     Estimated damages were calculated by Lead Plaintiff's damage consultant
18   utilizing a damages model that accounts for the PSLRA's 90-day lookback and *Dura
     Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 125 S. Ct. 1627 (2005) constraints
19   (*i.e.*, a share purchased must be held through the next fraud-related price decline to
     incur damages). The proportional 80/20 Multi-Trader Model used by plaintiff's
20   consultant posits two active traders (*e.g.* institutions and individuals) with different
     holdings and propensities to trade. The so-called "80/20" split between the two sets of
21   traders specifies a large set of "slow" traders (*i.e.*, they hold 80% of the float, but trade
22   20% of the volume) and a small set of "fast" traders (*i.e.*, they hold 20% of the shares
     available, but trade 80% of the volume). This model has been advocated by
23   representative authors from Cornerstone Research, an economic consulting firm
24   frequently engaged by defendants in class action securities litigation. (See William H.
25   Beaver, James K. Malernee and Michael C. Keeley, "Stock Trading Behavior and
26   Damage Estimation in Securities Cases," Cornerstone Research working paper, 1993.)

27

28   SUPPLEMENTAL MEMORANDUM OF LAW IN FURTHER SUPPORT OF LEAD PLAINTIFF'S
     MOTION FOR PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT

2:14-CV-01956-GHK-PJW

3

1   estimated damages of the combined claims brought under both Section 10(b) of the
2   Exchange Act of 1934 and Section 11 of the Securities Act of 1933.  According to
3   NERA Economic Consulting's 2014 Full Year Review of Securities Class Action
4   Litigation, the median of settlement value as a percentage of investor losses between
5   January 1996 and December 2014 was approximately 4.8% for a case of this size.[5]
6   Moreover, the strength of plaintiff's §11 claim must be balanced against the Ninth
7   Circuit's position on proving, as opposed to pleading, standing in connection with a
8   secondary offering.  *See In re CytRx Corp. Sec. Litig.*, 2015 U.S. Dist. LEXIS 91447,
9   at *50-54 (C.D. Cal. July 13, 2015) (dismissing section 12 claim for lack of standing
10  and finding section 11 standing only "sufficiently plausible"); *In re Century*
11  *Aluminum Co. Sec. Litig.*, 729 F.3d 1104 (9th Cir. 2013).  CytRx was also prepared to
12  argue under §10(b) and Fed. R. Civ. P. 23 that allegedly misleading statements
13  contained in the DreamTeam articles – the statements the Court held Defendants did
14  not "make" under *Janus Capital Group, Inc. v. First Derivative Traders*, 131 S. Ct.
15  2296 (2011)[6] – did not cause any reliance-causing increase in the price of CytRx's

---

[5]   The NERA report is available online at the following address:
http://www.nera.com/content/dam/nera/publications/2015/PUB_Full_Year_Trends_2014_0115.pdf

[6]   *See CytRx*, 2015 U.S. Dist. LEXIS 91447, at *64 ("The CytRx  Defendants'
Motion as to Plaintiffs' Rule 10b-5(b) claim is GRANTED as to Defendant Haen and
as to all other named Defendants on the statements found in DreamTeam articles.").
Lead Plaintiff filed a motion for reconsideration on this issue that was pending at the
time the parties reached their settlement. *See* ECF No. 125. Given the standards for
reconsideration in this District, however, putative class counsel was not optimistic that
the Court would alter its view of *Janus*. Putative class counsel should be credited for
identifying the acute *Janus* issue in this case, anticipating that defense and pleading
rarefied scheme liability claims in the Consolidated Complaint to overcome it. *C/f In*
*re Galectin Thera. Secs. Litig.*, Civil Action No. 1:15-cv-29-SCJ, Order at 17-20
(N.D. Ga., Dec. 30, 2015) (distinguishing *CytRx* and the quality of Lead Plaintiff's

SUPPLEMENTAL MEMORANDUM OF LAW IN FURTHER SUPPORT OF LEAD PLAINTIFF'S
MOTION FOR PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT

securities on the days the articles were published.

Lead Plaintiff's scheme liability allegations under Rules 10b-5(a) and (c) also presented difficult legal issues in light of the Supreme Court's holdings in *Stoneridge Inv. Partners, LLC v. Scientific-Atlanta, Inc.*, 552 U.S. 148, 156, 159-60 (2008) and *Janus,*131 S. Ct. 2296 – both of which have arguably limited the reach of scheme liability in cases such as this. *See Stoneridge*, 552 U.S. at 156 (overruling *Simpson v. AOL Time Warner Inc.*, 452 F.3d 1040 (9th Cir. 2006)); *Simpson v. Homestore.com, Inc.*, 519 F.3d 1041 (9th Cir. 2008) (noting *vacatur*).   As such, had Lead Plaintiff prevailed on his scheme liability claims through trial, there is little doubt but that defendants would have sought post-trial relief related to that theory in the trial context. Given the foregoing, the $8,500,000 recovery here represents a tremendous result for the putative class.

Next, putative class counsel cannot fairly estimate the likelihood of success of prevailing on his §§10(b) and 11 claims (*Corinthian* at 2) because any such effort would undoubtedly fail to account for the vagaries and uncertainties of federal complex civil litigation.   Putative class counsel can, however, represent that *if* the Court had certified *a* class under the Supreme Court's recent class certification holdings in *Halliburton Co. v. Erica P. John Fund, Inc.*, 134 S. Ct. 2398 (2014), *Comcast Corp. v. Behrend*, 133 S. Ct. 1426 (2013) and *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541 (2011), the statement alleged in ¶81 of the Consolidated Complaint (ECF No. 60) would likely have been troubling to a fact-finder.   That prediction, however, does not account for the potential scheme liability, reliance and secondary offering standing legal questions that this Court and/or the Ninth Circuit

---

allegations here in dismissing stock promotion case with prejudice) (attached hereto as Ex. A).

SUPPLEMENTAL MEMORANDUM OF LAW IN FURTHER SUPPORT OF LEAD PLAINTIFF'S
MOTION FOR PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT

1   would have had to ultimately decide.  In light of the foregoing, the $8,500,000

2   recovery here fairly balances the strength of plaintiff's claims with the risks attendant

3   to this specific litigation.

4        The Court also ruled in *Corinthian* that a plaintiff "must provide an estimate of

5   the Claims Administrator costs, and reasons therefor."[7]  *Id.* at 3. Here, given the

6   $4,500,000 stock component of the settlement, and the inclusion of options traders in

7   the putative class, the estimate of "up to" $250,000 for claims administration is

8   efficient, fair and economical.[8]  *See* ECF No. 140 at ¶ 2.6.  Moreover, as a condition

9   of settlement, Lead Plaintiff also required CytRx to cover the "reasonable costs and

10  expenses of the transfer agent with respect to the issuance and delivery of the

11  Settlement Stock to the Escrow Agent ..." *See* ECF No. 140 at ¶ 2.1(e).  Putative class

12  counsel's litigation expenses of less than $50,000 to reach the extraordinary result

13  here ought also to be credited for its frugality.

14       Next, while the proposed Notice of Settlement informs putative class members

15  that the "Net Settlement Fund (the Settlement Fund less Taxes, Notice and

16  ***Administration Costs***, and attorneys' fees and Litigation Expenses awarded by the

17  Court) will be allocated among members of the Class in accordance with a plan of

18  allocation that is approved by the Court," *see* ECF No. 140-2 at ¶ 2 (emphasis added),

19  the Notice of Settlement did not provide the estimated administration costs.  The

20  _____

21  [7]     Lead Plaintiff's motion for preliminary approval provided a résumé for claims

22  administrator Gilardi & Co. LLC ("Gilardi"), which is a sufficient showing of

23  Gilardi's experience and qualifications.  *See* ECF No. 139-6; *c/f Corinthian* at 5.

24  [8]     Gilardi agreed to cap its costs at $175,000 but, due to the stock-related

25  provisions in ¶ 2.1(d) & (f) of the Stipulation of Settlement (ECF No. 140), those

26  costs could increase depending on whether the shares are sold for the benefit of the

    class or distributed.

27

28
SUPPLEMENTAL MEMORANDUM OF LAW IN FURTHER SUPPORT OF LEAD PLAINTIFF'S
MOTION FOR PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT

Revised Notice of Settlement (attached hereto as Revised Exhibit A-1) does so and also informs putative class members of their right to object to that expense. *See* Revised Exhibit A-1 at ¶ 2, 45, 48 (highlighted in red).  Per the Court's order in *Corinthian*, the table setting forth class members' options has similarly been updated. *See* Revised Exhibit A-1 at 4 (highlighted in red); *c/f Corinthian* at 4.  The Revised Notice of Settlement, which Lead Plaintiff asks the Court to approve for dissemination to the putative class, also makes clearer that "only class members who submit timely, written objections may voice their objections at the hearing."[9] *Corinthian* at 4.

Finally, the parties are submitting in connection herewith for the Court's *in camera* review, the "Supplemental Agreement" referred to in ¶ 7.4 of the parties December 10, 2015 Stipulation of Settlement.  For all the foregoing reasons and those set forth in Lead Plaintiff's motion, Lead Plaintiff's Motion for Preliminary Approval of Proposed Settlement should be granted.

Dated: December 30, 2015

Respectfully submitted,

**KAHN SWICK & FOTI, LLP**
By:      /s/ *Ramzi Abadou*

Ramzi Abadou (#222567)
ramzi.abadou@ksfcounsel.com
912 Cole Street, # 251
San Francisco, CA 94117
Telephone: 504-455-1400
Facsimile: 504-455-1498

Lewis S. Kahn
lewis.kahn@ksfcounsel.com
Alexander Burns (*admitted pro hac vice*)
alexander.burns@ksfcounsel.com
**KAHN SWICK & FOTI, LLC**

---

[9]      The Revised Notice of Settlement also corrects some minor formatting issues, and updates the pagination and table of contents accordingly.

SUPPLEMENTAL MEMORANDUM OF LAW IN FURTHER SUPPORT OF LEAD PLAINTIFF'S
MOTION FOR PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT

2:14-CV-01956-GHK-PJW

7

206 Covington St.
Madisonville, LA 70447
Telephone: (504) 455-1400
Facsimile: (504) 455-1498

*Lead Counsel for Lead Plaintiff Deepak*
*Gupta and the Class*

LIONEL Z. GLANCY (#134180)
lglancy@glancylaw.com
**GLANCY PRONGAY & MURRAY,**
**LLP**
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone:  (310) 201-9150
Facsimile:  (310) 201-9160
*Liaison Counsel for Plaintiffs*

*Liaison Counsel*

SUPPLEMENTAL MEMORANDUM OF LAW IN FURTHER SUPPORT OF LEAD PLAINTIFF'S
MOTION FOR PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT

2:14-CV-01956-GHK-PJW

8

**CERTIFICATE OF SERVICE**

I hereby certify that on December 30, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses registered, as denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

*/s/ Ramzi Abadou*

RAMZI ABADOU

SUPPLEMENTAL MEMORANDUM OF LAW IN FURTHER SUPPORT OF LEAD PLAINTIFF'S
MOTION FOR PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT

2:14-CV-01956-GHK-PJW

**Mailing Information for a Case 2:14-cv-01956-GHK-PJW Bangzheng Chen v. Cytrx Corporation et al**

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **Ramzi Abadou**
  ramzi.abadou@ksfcounsel.com,melinda.nicholson@ksfcounsel.com,dawn.hartman@ksfcounsel.com,michael.palestina@ksfcounsel.com

- **Patrice L Bishop**
  service@ssbla.com,ssblaservice@gmail.com

- **Peter E Borkon**
  peterb@hbsslaw.com,sf_filings@hbsslaw.com

- **Alexander L Burns**
  alexander.burns@ksfcounsel.com

- **Elaine Chang**
  echang@glancylaw.com

- **Lionel Zevi Glancy**
  lglancy@glancylaw.com

- **Steven M Goldsobel**
  steve@sgoldsobel.com

- **Reed R Kathrein**
  reed@hbsslaw.com

- **Allen L Lanstra**
  allen.lanstra@probonolaw.com,allen.lanstra@skadden.com

- **Betsy C Manifold**
  manifold@whafh.com,cabrera@whafh.com,boyles@whafh.com

- **Peter Bradley Morrison**
  peter.morrison@skadden.com,alejandra.lopez@skadden.com

- **Melinda A Nicholson**
  melinda.nicholson@ksfcounsel.com,dawn.hartman@ksfcounsel.com

- **Thomas Jerome Nolan**
  tnolan@skadden.com,peter.morrison@skadden.com,caroline.vanness@skadden
  .com,allen.lanstra@skadden.com,hillary.hamilton@skadden.com,al.chua@skad
  den.com,nili.moghaddam@skadden.com,rebecca.isomoto@skadden.com

- **Michael J Palestina**
  michael.palestina@ksfcounsel.com

- **Clifford H Pearson**
  cpearson@pswlaw.com,mpearson@pswlaw.com,mwilliams@pswlaw.com,egra
  nt@pswlaw.com

- **Robert Vincent Prongay**
  rprongay@glancylaw.com,info@glancylaw.com,echang@glancylaw.com,bmur
  ray@glancylaw.com

- **John Warren Rissier**
  warren.rissier@morganlewis.com

- **Laurence M Rosen**
  lrosen@rosenlegal.com

- **Alexander Robert Safyan**
  asafyan@pswlaw.com,mwilliams@pswlaw.com,egrant@pswlaw.com

- **Charlene Sachi Shimada**
  charlene.shimada@morganlewis.com,nsadler@morganlewis.com,mthomasian
  @morganlewis.com

- **Evan Jason Smith**
  esmith@brodsky-smith.com

- **Howard G Smith**
  legul2010@aol.com

- **Lucy Han Wang**
  lucy.wang@morganlewis.com

**Manual Notice List**

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)