JS - 6

**FILED**
CLERK, U.S. DISTRICT COURT
MAY 18, 2016
CENTRAL DISTRICT OF CALIFORNIA
BY: ___BH___ DEPUTY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE CYTRX CORPORATION SECURITIES LITIGATION | CASE NO. CV 14-1956-GHK (PJWx)<br><br>**JUDGMENT AND ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND AWARDING FEES, COSTS, AND SERVICE AWARD** |

Lead Plaintiff Deepak Gupta ("Lead Plaintiff") and Defendants CytRx Corporation, Steven A. Kriegsman, John Y. Caloz, David J. Haen, Louis J. Ignarro, Joseph Rubinfeld, Shirley Selter as representative for Marvin S. Selter, Richard L. Wennekamp, Thomas Michael Meyer, Jefferies LLC, Oppenheimer & Co. Inc., Aegis Capital Corp., and H.C. Wainwright & Co., LLC (collectively, "Defendants") have reached a settlement for a putative consolidated class action.

On January 20, 2016, this Court (1) preliminarily certified a class for settlement purposes, (2) preliminarily approved the terms of the proposed class action settlement, and (3) authorized notice to the Class of the terms of the proposed settlement.  Having completed the process of providing notice to the Class, and no objectors having come forward, Lead Plaintiff moves for final approval of a class action settlement of the claims asserted against Defendants in this action, memorialized in the Stipulation.  Capitalized terms in this Order shall have the same meaning as in the Stipulation unless indicated otherwise.

After reviewing the Stipulation, Lead Plaintiff's Motion for Final Approval, Lead Plaintiff's Motion for Fees and Costs, and other related documents, and having heard the argument of Counsel for the respective Parties, IT IS HEREBY ORDERED AS FOLLOWS:

1.  The Court has jurisdiction over the Parties to this action, including all members of the Class as defined in the Settlement Agreement.

2.  The Court finds, for purposes of settlement only, that the proposed Class satisfies the applicable standards for certification under Federal Rule of Civil Procedure 23.  The Class consists of all persons and entities who purchased or otherwise acquired the publicly traded securities of CytRx between November 20, 2013 and March 13, 2014, inclusive.  Excluded from the Class are Defendants, the directors and officers of CytRx, and their families and affiliates.  Also excluded from the Class are all persons and entities who excluded themselves from the Class by timely requesting exclusion in accordance

with the requirements of the Notice. The requirements of Rule 23(a) are satisfied because the Class is so numerous that joinder of all Class Members is impracticable, there are questions of law or fact common to the Class, the claims of Lead Plaintiff are typical of the claims of the Class, and Lead Plaintiff will fairly and adequately protect the interests of the Class. The requirements of Rule 23(b)(3) are satisfied because questions of law or fact common to Class Members predominate over any questions affecting only individual Class Members, and the class action device is superior to other available methods for fairly and efficiently adjudicating this controversy.

3.  Pursuant to Rule 23, and for the purposes of settlement only, the Court further finally certifies Lead Plaintiff Deepak Gupta as Class Representative for the Class and appoints Lead Counsel Kahn Swick & Foti, LLC as Class Counsel for the Class.

4.  The Court hereby grants final approval of the Settlement as set forth in the Stipulation as it meets the criteria for final settlement approval. The Settlement is fair, adequate, and reasonable; appears to be the product of arm's-length and informed negotiations; and treats all Class Members fairly.

5.  The Court hereby grants final approval of the Plan of Allocation as set forth in the Notice. The Plan of Allocation provides a fair and reasonable basis upon which to allocate proceeds of the Net Settlement Fund among eligible Class Members with due consideration having been given to administrative convenience and necessity.

6.  The Notice approved by the Court was given to all Class Members who could be identified with reasonable effort. Over 24,000 copies of the Notice, which included the Plan of Allocation, were mailed to potential Class Members and nominees and no objection to any aspect of the Settlement was received. The Notice adequately described all of the relevant and necessary parts of the proposed Settlement, Plan of Allocation, the request for service payments to Lead Plaintiff, Class Counsel's request for an award of attorneys' fees and costs, and Lead Plaintiff's request for reimbursement of settlement administration costs.

7. The Court has determined that the Notice given to the Class constituted the best practicable notice to all members of the Class, and fully meets the requirements of Federal Rule of Civil Procedure 23; the Securities and Exchange Act of 1934 and the Securities Act of 1933, as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"); and all applicable constitutional requirements. The Court further finds that all Parties and their counsel have complied with each requirement of the PSLRA and Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

8. Upon the Effective Date of the Settlement, Lead Plaintiff and members of the Class, on behalf of themselves and each of their heirs, executors, administrators, successors and assigns, shall, with respect to each and every Settled Claim, release and forever discharge, and shall forever be enjoined from prosecuting, any Settled Claims against any of the Released Parties, regardless of whether or not such Class Member executed and delivers a Claim Form. Further, upon the Effective Date of the Settlement, each of the Released Parties, on behalf of themselves and each of their heirs, executors, administrators, successors and assigns, shall, with respect to each and every Released Parties' Claim, release and forever be enjoined from prosecuting any of the Released Parties' Claims against Lead Plaintiff, and his attorneys, and all other Class Members.

9. Only those Class Members filing valid Claim Forms shall be entitled to participate in the Settlement and to receive a distribution from the Settlement Fund. The Claim Form to be executed by Class Members shall further release all Settled Claims against the Released Parties. All Class Members shall, as of the Effective Date, be bound by the releases set forth in the Stipulation whether or not they submit a valid and timely Claim Form. Class Members who did not timely exclude themselves from the Settlement have released all claims or causes of action settled under the terms of the Settlement as embodied in the Stipulation.

10. No Authorized Claimant shall have any claim against Lead Plaintiff, Lead Counsel, the Claims Administrator, or any other agent designated by Lead Counsel based

on the distributions made substantially in accordance with the Settlement and Plan of Allocation as approved by the Court and further orders of the Court.  No Authorized Claimant shall have any claim against Defendants, Defendants' Counsel, or any of the Released Parties with respect to the investment or distribution of the Net Settlement Fund, the determination, administration, calculation or payment of claims, the administration of the escrow account, or any losses incurred in connection therewith, the Plan of Allocation, or the giving of notice to Class Members.

11. Having received no objections, and the time for submitting such objections having passed, the Court finds that no valid objections have been submitted and no objections will be considered by the Court.  Class Members who did not timely object to the Settlement set forth in the Settlement Agreement are barred from prosecuting or pursuing any appeal of this Order.

12. Having received five requests for exclusion from the Settlement, the Court finds that Sang Yup Shin,[1] Teo Breski, Jesse G. Flores, and Bernie Macisaac are not bound by the terms of the Settlement as set forth in the Stipulation.

13. The Settlement embodied in the Stipulation is not an admission by Defendants nor is this Order a finding of the validity of any claims in the lawsuit or of any wrongdoing by Defendants.  Neither this Order and Judgment, the Settlement Agreement, any document referred to herein, nor any action taken to carry out the terms of the Settlement Agreement may be construed as, or may be used as, an admission by or against Defendants, Lead Plaintiff, any member of the Class, or any other Person, of any fault, wrongdoing, or liability whatsoever.

14. The Court awards Lead Plaintiff Deepak Gupta a service award of $4,375 as fair and reasonable compensation for his services.

15. The Court hereby directs payment of up to $250,000 to the Claims

---

[1] Sang Yup Shin submitted two requests for exclusion.

Administrator, Gilardi & Co. LLC, as provided for in the Stipulation.

16. Lead Plaintiff's application for attorneys' fees in the amount of $2,805,000 of the cash and stock Settlement Fund and reimbursement of litigation expenses in the amount of $48,179.47, plus interest earned on these amounts at the same rate as the Settlement Fund, is granted as follows. Upon consideration of the relevant factors, and as set forth in the concurrently filed Order re: Award of Attorneys' Fees, the Court grants an award of attorneys' fees in the amount of $2,125,000 of the cash and stock Settlement Fund, representing 25% of the Settlement Fund, plus interest earned on this amount at the same rate as the Settlement Fund. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048-50 (9th Cir. 2002). The Court grants $48,179.47 in litigation expenses, plus interest earned on this amount at the same rate as the Settlement Fund.

17. Any appeal or any challenge affecting this Court's approval of attorneys' fees and expenses shall not disturb or affect the finality of the Final Judgment.

18. The Court finds that no just reason exists for delay in entering this Judgment and Final Approval Order. Accordingly, the Clerk is hereby directed to enter this Order as a Final Judgment. This Order shall constitute a final judgment with respect to the Claims of the Settlement Class for purposes of Rule 54(b) of the Federal Rules of Civil Procedure.

19. The Court hereby orders that, without affecting the finality of the Final Judgment, it reserves continuing jurisdiction over the matter and the Parties for the purposes of implementing, enforcing, and/or administering the Settlement or enforcing the terms of the Judgment.

20. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or in the event that the Settlement Fund, or any portion thereof, is returned to Defendants, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null

1  and void to the extent provided by and in accordance with the Stipulation.

2  Immediately upon entry of this Judgment and Final Approval Order, the operative
3  First Consolidated Amended Complaint, (Dkt. 124), in this Action shall be dismissed
4  with prejudice.

6  **IT IS SO ORDERED.**

8  DATED:  5/18/16

_____
GEORGE H. KING
Chief United States District Judge