Ramzi Abadou (SBN 222567)
**KAHN SWICK & FOTI, LLP**
912 Cole Street, # 251
San Francisco, CA 94117
Telephone: 415-231-4313
Facsimile: 504-455-1498
ramzi.abadou@ksfcounsel.com

*Lead Counsel for Lead Plaintiff Deepak Gupta and the Class*

Lionel Z. Glancy (SBN 134180)
**GLANCY PRONGAY & MURRAY, LLP**
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Liaison Counsel for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

IN RE CYTRX CORPORATION SECURITIES LITIGATION

**Docket No.: 2:14-CV-01956-GHK-PJW**

CLASS ACTION

**LEAD PLAINTIFF'S NOTICE OF MOTION AND UNOPPOSED MOTION FOR DISTRIBUTION OF THE NET SETTLEMENT FUND; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

DEPT: Courtroom 650
JUDGE: Hon. Chief Judge George H. King
DATE: October 23, 2017
TIME: 10:00 a.m.

**NOTICE OF MOTION AND UNOPPOSED MOTION**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**:

**PLEASE TAKE NOTICE** that on October 23, 2017, at 10:00 a.m., in Courtroom 650 of the United States District Court for the Central District of California, U.S. Courthouse, 255 East Temple Street, Los Angeles, California 90012, the Honorable George H. King presiding, Lead Plaintiff Deepak Gupta will and hereby does move for an Order pursuant to Rule 23 of the Federal Rules of Civil Procedure: (i) approving the administrative determinations of Gilardi & Co. LLC ("Gilardi"), the Court-authorized claims administrator for the settlement of the above-captioned action ("Settlement"), accepting and rejecting the claims submitted in connection with the Settlement; (ii) directing payment out of the Net Settlement Fund to Gilardi for the balance of its fees and expenses incurred to date in connection with the administration of the Settlement and expected to be incurred through the initial distribution of the Net Settlement Fund; (iii) directing distribution of the Net Settlement Fund, after deduction of the payment requested herein, to Class Members whose Proof of Claim and Release forms ("Claim Forms" or "Claims") have been accepted for payment by the Court ("Authorized Claimants"); (iv) directing that distribution checks state that the check must be cashed within 120 days after the issue date; (v) approving the plan for re-distribution and/or donation of any funds remaining in the Net Settlement Fund following distribution to Authorized Claimants; (vi) directing that Authorized Claimants will forfeit all recovery from the Settlement if they fail to cash their distribution checks in a timely manner; (vii) authorizing destruction of paper copies of Claims one year after distribution of the Net Settlement Fund and electronic copies of claim records three years after distribution of the Net Settlement Fund; and (viii) providing that the Court retains jurisdiction to consider any further applications concerning the administration of the Settlement, and such

other and further relief as the Court deems appropriate.

This motion is based upon this Notice of Motion and Unopposed Motion, the Memorandum of Points and Authorities set forth below, the accompanying Declaration of Maggie McGill in Support of Motion for Distribution of the Net Settlement Fund (the "McGill Declaration") and the exhibits thereto, the pleadings and records on file in this action, and other such matters and argument as the Court may consider at the hearing of this Motion. This Motion is made following the conference of counsel pursuant to L.R. 7-3, which took place at various times the week of September 11, 2017. Counsel for Defendants has advised Lead Counsel that Defendants do not oppose the [Proposed] Order Authorizing Distribution of the Net Settlement Fund that is being submitted herewith.

Dated: September 15, 2017

Respectfully submitted,

KAHN SWICK & FOTI, LLP

By: /s/ *Ramzi Abadou*

Ramzi Abadou (#222567)
ramzi.abadou@ksfcounsel.com
912 Cole Street, # 251
San Francisco, CA 94117
Telephone: 504-455-1400
Facsimile: 504-455-1498

Lewis S. Kahn
lewis.kahn@ksfcounsel.com
Alexander Burns (*admitted pro hac vice*)
alexander.burns@ksfcounsel.com
KAHN SWICK & FOTI, LLC
206 Covington St.
Madisonville, LA 70447
Telephone: (504) 455-1400
Facsimile: (504) 455-1498

*Lead Counsel for Lead Plaintiff Deepak Gupta and the Class*

LIONEL Z. GLANCY (#134180)
lglancy@glancylaw.com
GLANCY PRONGAY & MURRAY, LLP
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Liaison Counsel for Plaintiffs*

# TABLE OF CONTENTS

MEMORANDUM OF POINTS AND AUTHORITIES .......... 1
I. INTRODUCTION .......... 1
II. DETERMINATION OF AUTHORIZED CLAIMS .......... 3
  A. Deficient and Ineligible Claims .......... 3
  B. Properly Documented Claims .......... 4
III. DISTRIBUTION OF THE NET SETTLEMENT FUND .......... 5
IV. CONCLUSION .......... 7

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*In re "Agent Orange" Prod. Liab. Litig.*,
689 F. Supp. 1250 (E.D.N.Y. 1988) ........ 5

*In re Crazy Eddie Secs. Litig.*,
906 F. Supp. 840 (E.D.N.Y. 1995) ........ 5

*In re Cytrx Corp. Sec. Litig.*,
2016 U.S. Dist. LEXIS 70190 (C.D. Cal. May 18, 2016) ........ 1

*In re Gypsum Antitrust Cases*,
565 F.2d 1123 (9th Cir. 1977) ........ 5

**Rules**

Fed. R. Civ. P. 23 ........ 1

## MEMORANDUM OF POINTS AND AUTHORITIES

Lead Plaintiff hereby respectfully submits this memorandum of points and authorities in support of the motion for an order, pursuant to Federal Rule of Civil Procedure 23(e), approving the plan for distribution of the "Net Settlement Fund" to eligible Class Members as set forth in the accompanying McGill Declaration submitted on behalf of Gilardi, the Court-authorized claims administrator for the Settlement of the above-captioned action (the "Action").[1]

## I. INTRODUCTION

On January 20, 2016, the Court entered the Order Preliminarily Approving Settlement and Providing for Notice ("Preliminary Approval Order") (Docket No. 148). On May 18, 2016, the Court entered the Judgment ("Final Judgment") (Docket No. 162) granting final approval of the settlement and Plaintiff Deepak Gupta's ("Lead Plaintiff") motion for an award of attorneys' fees and reimbursement of expenses. *See generally In re Cytrx Corp. Sec. Litig.*, 2016 U.S. Dist. LEXIS 70190 (C.D. Cal. May 18, 2016). By its Order Preliminarily Approving Settlement and

---

[1] Pursuant to ¶ 5.3 of the Stipulation and Agreement of Settlement dated December 8, 2015 (the "Stipulation") previously filed with the Court on December 10, 2015 (Dkt. No. 140): "Upon the Effective Date and thereafter, and in accordance with the terms of the Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants …" Unless otherwise defined, all capitalized terms used herein shall have the meanings set forth in the Stipulation and the McGill Declaration submitted herewith.

"Released Parties" means any and all of the Defendants and each and all of their Related Parties. *See* Stipulation at ¶¶1.24-1.25. "Net Settlement Fund" means the Gross Settlement Fund, less: (i) attorneys' fees and expenses; (ii) taxes and tax expenses; (iii) Notice and Administration Expenses; and (iv) a reimbursement award to Lead Plaintiff, if any. *Id.* at ¶ 1.16.

Providing for Notice, the Court directed that the Notice of Pendency and Proposed Settlement of Class Action, Motion for Attorneys' Fees and Litigation Expenses, and Settlement Fairness Hearing (the "Notice") be mailed to all members of the Class who could be identified through reasonable effort. Preliminary Approval Order at ¶¶ 6(i), 9. The mailing of the Notice was conducted in accordance with the Preliminary Approval Order. Thereafter, the Court held a hearing on January 11, 2016 to consider, among other things, whether the proposed Settlement should be granted final approval.

By its Final Judgment, the Court: (i) approved the Settlement, in all respects, as fair, reasonable and adequate and in the best interest of the Class; (ii) approved the Plan of Allocation, in all respects, as fair and reasonable to the Class; (iii) declared the notice procedures to be proper; and (iv) dismissed the Action with prejudice. In addition, the Court reserved continuing jurisdiction over the distribution of the Settlement Fund. *See* Final Judgment at ¶ 1; Stipulation at ¶ 10.15. Moreover, the Court authorized the retention of Gilardi to supervise and administer the notice and claims procedures as well as the processing of Claims and to effectuate distribution of the Net Settlement Fund. *See* Preliminary Approval Order at ¶ 6; McGill Decl., at ¶ 1. The Net Settlement Fund available for distribution as of the date of the McGill Declaration is $3,700,993.81. *See* McGill Decl., at ¶ 26. Plaintiff's Counsel has recently been advised by the court-appointed Claims Administrator, Gilardi that it has completed all analyses and accounting procedures in connection with the proofs of claim submitted by those persons who responded to the Notice, and has determined which of those persons are Authorized Claimants. *See* McGill Decl., ¶ 2; *Id*. at n.2.

All that remains to complete the Settlement process is to pay the administration costs incurred in administering the Settlement and the initial distribution of the Net Settlement Fund, and to distribute the Net Settlement Fund to the Authorized

Claimants. *See* Stipulation at ¶¶ 5.2(d), 5.3, 5.6 (Docket No. 140). Plaintiff's Counsel requests that the Court authorize payment to Gilardi for administration costs incurred in administering the Settlement and the initial distribution of the Net Settlement Fund and to also authorize the distribution of the Net Settlement Fund.[2]

## II. DETERMINATION OF AUTHORIZED CLAIMS

### A. Deficient and Ineligible Claims

Pursuant to the Preliminary Approval Order, all claims were to be submitted to the Claims Administrator postmarked no later than June 8, 2016. *See* McGill Decl., ¶¶ 6-7; *see also* Docket No. 148 at ¶ 17 (Preliminary Approval Order). Gilardi thereafter extended the deadline to submit proofs of claim until August 29, 2017 to provide claimants with additional time to submit valid claims. *See* McGill Decl., at ¶ 20.

The Claims Administrator has now finalized its determination of which claims are authorized and which are ineligible. McGill Decl. ¶¶ 6-20. Gilardi initially identified and processed a total of 2,281 Proofs of Claim. *Id*. at ¶ 15. A total of 1,200 Proofs of Claim were determined to be ineligible. *Id*. at ¶ 16. When claims were inadequately documented, Gilardi sent claimants deficiency notices advising them of the deficiency, and they were given the opportunity to cure the deficiency. *Id.* at ¶¶ 10-11; *see also* McGill Decl., Ex. A (sample deficiency notice). 206 Proofs of Claim were initially identified as untimely but Gilardi accepted 64 of these because they

---

[2] On January 27 and February 4, 2016, the Settlement Amount was paid into an interest-bearing escrow account on behalf of the Class. Pursuant to its Final Judgment dated May 8, 2016, the Court awarded Lead Counsel 25% of the Settlement Fund as provided by ¶ 16 of the Final Judgment (Docket No. 162). *See* McGill Decl., ¶ 25. The Lead Plaintiff was awarded $4,375 for reimbursement of his time and expenses. *See id*.

were not otherwise deficient. *Id*. at ¶ 19. The remaining deficient claimants either did not respond to the deficiency notice, or responded with insufficient documentation. *Id*.

These claimants were sent a rejection notice explaining the reason(s) for their rejection. McGill Decl., ¶ 12-13; *see also* McGill Decl., Ex. B (sample rejection notice). As of this writing, no claimants have outstanding requests for administrative review of Gilardi's determination. *Id*. at ¶ 13.

Pursuant to ¶ 10 of the Final Judgment, Lead Plaintiff respectfully requests that the Court release and discharge all Persons who are involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Claims submitted in connection with the Settlement of this Action, or who are otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund from any and all claims arising out of such involvement, and, pursuant to the release terms of the Settlement, bar all Class Members, whether or not they are to receive payment from the Net Settlement Fund, from making any further claim against the Net Settlement Fund or the parties released pursuant to the Settlement beyond the amount allocated to them by the Settlement as approved by the Court.

**B. Properly Documented Claims**

The Preliminary Approval Order provides that in order to be eligible to participate in recovery from the Net Settlement Fund after the Effective Date, each Class Member shall, *inter alia*, submit a properly completed and executed Proof of Claim to the Claims Administrator, at the Post Office Box indicated in the Notice, postmarked no later than one hundred and twenty (120) calendar days following the Notice Date (June 18, 2016). Preliminary Approval Order, ¶ 17.

The valid claims represent total Recognized Losses of $14,475,136. McGill Decl.. at ¶ 15; *Id*. at Ex. D(1). Gilardi accepted all late but otherwise valid claims

postmarked until August 29, 2017 because the untimely filed claims have not caused significant delay to the distribution of the Net Settlement Fund to the Class, or otherwise prejudiced any Authorized Claimant. *Id.* at ¶ 20. *See In re Gypsum Antitrust Cases*, 565 F.2d 1123, 1128 (9th Cir. 1977) (district court has discretion to grant late claims); *see also In re "Agent Orange" Product Liability Litig.*, 689 F. Supp. 1250, 1261-63 (E.D.N.Y. 1988) (court permitting the qualifying late claimants and opt-out claimants to participate in the settlement distribution because "[t]he cost to the fund of admitting late claimants and readmitting the opt-out claimants to the class action should be relatively small. No significant administrative costs need be incurred to allow the late claims and opt-out claims"); *In re Crazy Eddie Securities Litigation*, 906 F. Supp. 840, 845 (E.D.N.Y. 1995) (court allowing late claims postmarked within one month and four days of original deadline to participate in the distribution of settlement funds). Lead Plaintiff respectfully requests that the Court approve the 1,081 properly documented claims as listed in Exhibit D(1) of the McGill Declaration. McGill Decl. at 15; *Id.* at Ex. D(1).

## III. DISTRIBUTION OF THE NET SETTLEMENT FUND

Pursuant to the Stipulation and the Plan of Allocation authorized by the Court's Final Judgment, under the supervision of Plaintiff's Counsel, acting on behalf of the Settlement Class, and subject to such supervision and direction of the Court as may be necessary or as circumstances may require, the Claims Administrator shall administer and calculate the claims submitted by Settlement Class Members and shall oversee distribution of the Net Settlement Fund to Authorized Claimants. *See* Stipulation (Docket No. 140) at ¶ 5.1; Final Judgment at ¶ 5 ("The Court hereby grants final approval of the Plan of Allocation as set forth in the Notice. The Plan of Allocation provides a fair and reasonable basis upon which to allocate proceeds of the Net

Settlement Fund among eligible Class Members with due consideration having been given to administrative convenience and necessity.”).

Plaintiff’s counsel seeks permission to make an initial distribution now to the Valid Claims, with a possible further distribution depending on the outcome of this distribution. The Final Judgment (Docket No. 162) provides that jurisdiction is hereby retained over the Defendants, and the Settlement Class Members for all matters relating to the Action, including (i) the administration, interpretation, effectuation or enforcement of the Stipulation and this Final Judgment, (ii) disposition of the Settlement Fund; and (iii) any application for attorneys’ fees, costs, interest and reimbursement of expenses in the Action. *See* Final Judgment at ¶ 19 (“The Court hereby orders that, without affecting the finality of the Final Judgment, it reserves continuing jurisdiction over the matter and the Parties for the purposes of implementing, enforcing, and/or administering the Settlement or enforcing the terms of the Judgment.”)

The Stipulation provides that the Net Settlement Fund shall be distributed by the Claims Administrator to, or for the account of, Authorized Claimants, as the case may be, after: (i) all claims have been processed, and all claimants whose claims have been rejected or disallowed, in whole or in part, have been notified and provided the opportunity to be heard concerning such rejection or disallowance; (ii) all objections with respect to all rejected or disallowed claims have been resolved by the Court, and all appeals therefrom have been resolved or the time therefor has expired; (iii) all matters with respect to the Fee and Expense Application have been resolved by the Court, all appeals therefrom have been resolved or the time therefore has expired; and (iv) all fees and costs of administration have been paid. *See generally* Stipulation at ¶¶ 5 – 5.7.

Thus, distribution of the Net Settlement Fund to Authorized Claimants can only occur once all costs of administration have been paid. *Id*. at ¶ 5.2. Gilardi has incurred unpaid fees and expenses for services rendered and will incur fees and expenses to be rendered in connection with the administration of the Settlement and the initial distribution of the Net Settlement Fund in the amount of $71,098.51.[3] *See* McGill Decl. ¶ 23. The Stipulation and Final Judgment allotted Gilardi up to $250,000 in fees, as necessary, in connection with administering the Settlement Fund. *See* Final Judgment at ¶ 15 ("The Court hereby directs payment of up to $250,000 to the Claims Administrator, Gilardi & Co. LLC, as provided for in the Stipulation."); Stipulation at ¶¶ 2.6, 2.7. Therefore, Plaintiff's Counsel requests that the Court authorize the payment of $71,098.51 in fees that Gilardi has incurred from the Settlement Fund to Gilardi to cover the costs of administering the Settlement and the initial distribution of the Net Settlement Fund.

## IV. CONCLUSION

Based on the foregoing, Lead Plaintiff respectfully requests that the Court decide the within motion on the papers, and approve and enter the [Proposed] Order concerning distribution and the costs of administering the Settlement and the initial distribution of the Net Settlement Fund.

---

[3] The Stipulation provided that: "At any time after the Effective Date … Lead Counsel shall have the option, in its sole discretion but consistent with its fiduciary duties to the Class Members, of selling all or any portion of the Settlement Stock for the benefit of the Class Members; provided that the proceeds of any such sale shall be placed in the Settlement Fund; and provided further, that Lead Counsel may not sell more than 2% of the Settlement Stock on any trading day." Stipulation at ¶ 2.1(f). Following Defendants' transfer of the stock component of the settlement to the settlement fund, the price of CytRx's common stock fell precipitously from a close of $2.51 per share to a close of $0.59 per share on July 18, 2016. The Company's share price has not recovered. The stock escrow agent began liquidating 2% of the shares daily for the benefit of the Class per the Stipulation (*see* Stipulation at ¶ 2.1(f)) beginning on June 30, 2016 and finished liquidating the settlement shares on May 25, 2017. *See* McGill Decl., at ¶ 26.

Dated: September 15, 2017

Respectfully submitted,

KAHN SWICK & FOTI, LLP

By: /s/ *Ramzi Abadou*
Ramzi Abadou (#222567)
ramzi.abadou@ksfcounsel.com
912 Cole Street, # 251
San Francisco, CA 94117
Telephone: 504-455-1400
Facsimile: 504-455-1498

Lewis S. Kahn
lewis.kahn@ksfcounsel.com
Alexander Burns (*admitted pro hac vice*)
alexander.burns@ksfcounsel.com
KAHN SWICK & FOTI, LLC
206 Covington St.
Madisonville, LA 70447
Telephone: (504) 455-1400
Facsimile: (504) 455-1498

*Lead Counsel for Lead Plaintiff Deepak Gupta and the Class*

LIONEL Z. GLANCY (#134180)
lglancy@glancylaw.com
GLANCY PRONGAY & MURRAY, LLP
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Liaison Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on September 15, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the e-mail addresses registered, as denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

/s/ *Ramzi Abadou*
RAMZI ABADOU

**Mailing Information for a Case 2:14-cv-01956-GHK-PJW Bangzheng Chen v. Cytrx Corporation et al**

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **Ramzi Abadou**
  ramzi.abadou@ksfcounsel.com,melinda.nicholson@ksfcounsel.com,dawn.hartman@ksfcounsel.com,michael.palestina@ksfcounsel.com
- **Patrice L Bishop**
  service@ssbla.com,ssblaservice@gmail.com,pbishop@ssbla.com
- **Peter E Borkon**
  peterb@hbsslaw.com,sf_filings@hbsslaw.com
- **Alexander L Burns**
  alexander.burns@ksfcounsel.com
- **Elaine Chang**
  echang@glancylaw.com
- **Lionel Zevi Glancy**
  lglancy@glancylaw.com
- **Steven M Goldsobel**
  steve@sgoldsobel.com
- **Reed R Kathrein**
  reed@hbsslaw.com
- **Allen L Lanstra**
  allen.lanstra@probonolaw.com,allen.lanstra@skadden.com
- **Betsy C Manifold**
  manifold@whafh.com,cabrera@whafh.com,boyles@whafh.com,loritsch@whafh.com

- **Peter Bradley Morrison**
  peter.morrison@skadden.com,alejandra.lopez@skadden.com
- **Melinda A Nicholson**
  melinda.nicholson@ksfcounsel.com,dawn.hartman@ksfcounsel.com
- **Thomas Jerome Nolan**
  thomas.nolan@skadden.com,peter.morrison@skadden.com,caroline.vanness@skadden.com,allen.lanstra@skadden.com,hillary.hamilton@skadden.com,al.chua@skadden.com,nili.moghaddam@skadden.com,rebecca.isomoto@skadden.com
- **Michael J Palestina**
  michael.palestina@ksfcounsel.com
- **Clifford H Pearson**
  cpearson@pswlaw.com,mpearson@pswlaw.com,mwilliams@pswlaw.com,egrant@pswlaw.com
- **Robert Vincent Prongay**
  rprongay@glancylaw.com,CLinehan@glancylaw.com,info@glancylaw.com,echang@glancylaw.com,bmurray@glancylaw.com
- **John Warren Rissier**
  warren.rissier@morganlewis.com
- **Laurence M Rosen**
  lrosen@rosenlegal.com
- **Alexander Robert Safyan**
  asafyan@pswlaw.com,mwilliams@pswlaw.com,egrant@pswlaw.com
- **Charlene Sachi Shimada**
  charlene.shimada@morganlewis.com
- **Evan Jason Smith**
  esmith@brodsky-smith.com
- **Howard G Smith**
  howardsmith@howardsmithlaw.com

- **Lucy Han Wang**
  lucy.wang@morganlewis.com

**Manual Notice List**

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)